# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **TOMMY STURDIVANT, #148248,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 13-0188-KD-N** |
| **JAMES LOVETTE, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that that this action be dismissed without prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I. Nature of Proceedings.**

    **A. Second Amended Complaint.** (Docs. 9, 10).

After reviewing plaintiff's first amended complaint, the Court ordered that he file a superseding, second amended complaint that contained one claim and any other claims that were closely related to it. (Doc. 8 at 1). His first amended complaint contained claims concerning false imprisonment, conditions at the Choctaw County Jail ("jail"),[1] and his present conviction for sexual abuse of a child less than twelve years old. (Id.). Plaintiff responded by filing two completed complaint forms for a § 1983 action. (Docs. 9, 10). In one complaint, Jerry Turner,

---

[1] Plaintiff previously had filed an action on the Court's docket concerning the conditions at the Choctaw County Jail. See Sturdivant v. Choctaw County, CA 12-0681-CB-B (pending).

who is identified as a Washington County Circuit Court Judge, is named as the sole defendant (Doc. 9), and in the other complaint, the State of Alabama ("State") and the Choctaw County Circuit Court ("Circuit Court") are named as defendants. (Doc. 10). The factual information on the two complaint forms is similar and overlaps. Therefore, the Court will refer to them together as the second amended complaint.

Although plaintiff was given instructions on pleading a short and plain statement for his second amended complaint, his allegations, which are interspersed with questions of an evidentiary nature for the Court and with directions to the Court to examine case action summaries at the Alabama Judicial Information System, have created a maze, rather than a plain statement. (Doc. 9 at 8-9). Even though the factual information is important, the disposition of plaintiff's claims turns not so much on the facts but on principles of law. In sorting through plaintiff's allegations, the Court has gleaned the following factual information.

Plaintiff's allegations arise from the revocation of his probation, which was a portion of his sentence for his felony D.U.I. conviction. His allegations are given clarity by the decision in Sturdivant v. State, 24 So.3d 1173, 1173 (Ala. Crim. App. 2009), in which his probation revocation was reversed and remanded because it was based on hearsay testimony. The Alabama Court of Criminal Appeals recounted the criminal proceedings against plaintiff, as follows:

> On April 7, 2004, the appellant, Thomas Eugene Sturdivant, was convicted of felony driving under the influence ("felony DUI"). The trial court sentenced him to serve a term of ten years in prison, but split the sentence and ordered him to serve seventeen months followed by five years on supervised probation. On March 12, 2007, Sturdivant's probation officer filed an "Officer's Report on Delinquent Probationer." After conducting a revocation hearing, the circuit court revoked his probation. This appeal followed.

> During the revocation hearing, Randall Estes testified that he was Sturdivant's probation officer; that the State Probation Office was advised that Sturdivant had been indicted for three counts of first-degree rape and first-degree sexual abuse; that the incidents that formed the basis for those charges took place while Sturdivant was on probation; and that Sturdivant was arrested pursuant to the indictment.
>
> . . . .
>
> Because an indictment in Alabama can be based solely on hearsay, the indictment alone could not serve as the sole ground for revoking Sturdivant's probation. Furthermore, as we noted previously, the only other evidence regarding the new offenses was L.H.'s hearsay testimony about C.M.'s statements. For these reasons, State did not present sufficient nonhearsay evidence to support the revocation of Sturdivant's probation. Accordingly, we reverse the circuit court's judgment revoking Sturdivant's probation and remand this case to the circuit court for proceedings that are consistent with this opinion.

Id. at 1173-74.

Plaintiff's allegations reflect that while he was on probation for his D.U.I. felony conviction, he turned himself in on March 9, 2007 at the jail where his probation officer arrested him and placed a hold on him, even though he had not been convicted of another crime. (Doc. 10 at 4, 8, 10). Plaintiff remained in jail from March 9, 2007 to April 4, 2008 when his probation was revoked. (Id. at 4, 10). At the revocation hearing, defendant State of Alabama presented no evidence that plaintiff had committed a crime, and its witness "gave false statements." (Id.). Defendant Turner, who is a judge from Washington County, not Choctaw County, acting outside of his jurisdiction, revoked plaintiff's "probation without any kind of evidence from the state of Alabama and or probation officer [that plaintiff had] committed any crime." (Doc. 9 at 8, 10). Plaintiff further maintains that Judge Dubose should not have been on his case because he had a mental disorder for which defendant Circuit Court is responsible. (Id. at 9). Defendant Circuit Court, he contends, should be responsible defendant Turner's errors. (Id. at 10). An oral motion to appeal was given on that date, and defendant Turner re-appointed Ben Kelly, who had

represented plaintiff from April 5, 2007, to represent plaintiff on appeal. (Doc. 10 at 4, 10).

On May 1, 2009, the Alabama Court of Criminal Appeals reversed and remanded plaintiff's probation revocation and entered a certificate of judgment on May 20, 2009. (Id. at 12). Kelly, who had filed no motions on plaintiff's behalf since April 4, 2008, filed a motion to withdraw on June 4, 2010 due to a conflict, which was granted. (Id. at 11). Kelly had not previously informed plaintiff of this conflict. (Id.). And Kelly filed this motion after plaintiff had completed serving his sentence for his D.U.I. on May 14, 2010. (Id.; Doc. 9 at 11). Plaintiff questions why defendant Turner appointed Kelly. (Doc. 9 at 4). At the expiration of his sentence, plaintiff was transferred from prison to the jail where he was held pending three charges for first-degree rape and three charges for first-degree sexual abuse. (Doc. 10 at 8).

On June 4, 2010, defendant Turner allowed Kelly to withdraw due to a conflict after plaintiff's D.U.I. sentence was completed. (Doc. 10 at 11; see Doc. 9 at 8 (Judge Scurlock allowed Kelly to withdraw)).[2] Plaintiff claims that defendant State allowed him to be on appeal for two years without an attorney or with an attorney who had a conflict, which caused him not to be able to get his case back to defendant Circuit Court. (Id.).

With respect to the remand of the probation revocation, plaintiff copied by hand the State's "response to petition for a writ of mandamus." (Doc. 10 at 8). This document apparently contains information that plaintiff wishes to convey to the Court, but which he did not otherwise provide to the Court. The information that the Court finds pertinent to plaintiff's claims, as plaintiff did not point out specific information, is defendant Circuit Court did not set aside the order of revocation as it was directed to do. (Id.). Thus, plaintiff filed on May 23, 2010, a

---

[2] Notwithstanding the foregoing allegations, plaintiff alleged on the other complaint form that Kelly previously had filed a motion to withdraw on June 6, 2009, which defendant Turner did not grant. (Doc. 9 at 8).

document that the appellate court construed as a petition for the writ of mandamus. (Id.). On September 13, 2010, plaintiff's petition was granted, and defendant Circuit Court was ordered "forthwith comply with our previous directions by setting aside its order revoking [plaintiff's] probation, and, within seven days from the date of this order, dispose of the state's motion to increase [plaintiff's] bail for his six pending charges of rape and sexual abuse." (Id. at 9). On September 8, 2010, defendant State appeared before the trial court and moved to dismiss its petition to revoke plaintiff's probation. (Id.). Inasmuch as the case action summary did not clearly show whether the probation revocation had been set aside, defendant State made an oral motion to dismiss the probation revocation at a hearing on October 15, 2010, which was granted by defendant Circuit Court. (Id. at 10). In addition, defendant State withdrew its motion to increase plaintiff's bail. (Id.).

Plaintiff claims that from May 14, 2010, at the end of his sentence, until October 15, 2010, the State of Alabama held him for 152 days on a false probation hold, thereby falsely imprisoning him and violating the double jeopardy clause. (Doc. 10 at 9, 12). Plaintiff wants $1000.00 for each day he "was held in the Choctaw County Jail pas[sed] his E.O.S. date [-] 152 days and cost[.]" (Id. at 7). Similarly, he wants $1000.00 for each day he spent in prison and at the jail after the Alabama Court of Criminal Appeals reversed and remanded his case as well as costs. (Doc. 9 at 7).

In response to a question on the complaint forms, plaintiff stated that he presently is serving a fifteen-year sentence, which commenced on May 16, 2010, for the sexual abuse of a child less than twelve years old, and he will complete serving this sentence on April 8, 2022. (Id. at 6; Doc. 10 at 6-7).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his second amended complaint (Docs. 9, 10) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

### A. Applicability of 42 U.S.C. § 1997e(e).

"In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). For the purposes of this section, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

7

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(h). Plaintiff's allegations reflect that he was incarcerated when his claims arose, and his pleadings indicate that when he filed this action, he was in the custody of the Alabama Department of Corrections. (Doc. 1). Thus, the Court concludes that this section applies to plaintiff with regard to this action.

Section 1997e(e) is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), Congress chose to "preclude[ ] some actions for money damages[,]" Harris, 190 F.3d at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[.]" Id. at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

In the second amended complaint (Docs. 9, 10), no physical injury was described as being suffered by plaintiff. Plaintiff simply requests to be compensated $1000.00 a day for his imprisonment of at least, 152 days. (Doc. 9 at 7-8; Doc. 10 at 7). Without plaintiff specifying

the type of damages he seeks, the Court is treating his request as a request for compensatory or punitive damages. See Torres v. Logan, No. 10 Civ. 6951 (PAC) (JLC), 2011 WL 1811003, at *5 (S.D.N.Y. May 11, 2011) (unpublished) (treating the plaintiff's request that he "would like to be compensated … for every [] day" as a request for compensatory damages and recommending the dismissal of the compensatory damages pursuant to 42 U.S.C. § 1997e(e) due to the absence of a physical injury), adopted by 2011 WL 3894386 (S.D.N.Y. June 13, 2011). Because plaintiff's damages request is for more than a mere token, the Court cannot construe the request as one for nominal damages. See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); see Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"); Partain v. Walker, No. 5:10-CV-116 (CAR), 2010 WL 1740775, at *1 (M.D. Ga. Apr. 28, 2010) (unpublished) (finding that inmate's request for $1000 for every exercise hour

that he did not go outside and $10,000 for each day that he went outside in shackles were not requests for nominal damages).

Thus, the types of damages that remain are compensatory and punitive damages. Because no physical injury occurred, § 1997e(e) does not permit plaintiff to recover compensatory or punitive damages in this action. See Al-Amin, 637 F.3d at 1199 (finding the plaintiff was precluded from proceeding on claims for punitive damages when no physical injury had been alleged); Napier, 314 F.3d at 532 (holding the same with regard to compensatory damages). Therefore, this action is due to be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Napier, 314 F.3d at 532 (directing that a § 1997e(e) dismissal should be without prejudice to allow the prisoner to be bring his claim once he is released).

### B. Applicability of the Statute of Limitations.

An alternate basis for the dismissal of this action is the two-year statute of limitations for § 1983 actions in Alabama. On April 15, 2013, the Court received plaintiff's complaint with his signature executed on April 11, 2013 and its envelope postmarked April 11, 2013. (Doc. 1). Then, in the second amended complaint, plaintiff states he wants damages for the time that he spent in the jail on a "false probation detainer" after his probation revocation had been reversed and remanded or from when he completed his sentence. (Doc. 9 at 7; Doc. 10 at 5). This time period is identified as 152 days from May 14, 2010 to October 15, 2010. (Doc. 9 at 8; Doc. 10 at 7). Without analyzing the substantive basis for this claim, and assuming, without deciding, that a claim would be able to proceed,[4] an injury based on this time period occurred more than two

---

[4] In West v. Tillman, 496 F.3d 1321 (11th Cir. 2007), the court held that the plaintiffs could not recover on their Fourteenth Amendment over-detention claims because they did not show that defendants had: "(1) subjective knowledge of a risk of serious harm; [and] (2) disregard[ed] ... that risk; (3) by

years before April 11, 2013, when plaintiff filed this action. See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (holding that the filing of a prisoner's complaint occurs when a prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk"); see Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending Houston to § 1983 actions filed by pro se prisoners).

In Alabama, the statute of limitation for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989), because § 1983 does not contain a statute of limitations. Id. at 249-50, 109 S.Ct. at 582. Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin, 956 F.2d at 1105, 1108 n.2; accord McNair v. Allen, 515 F.3d 1168, 1170 (11th Cir. 2008) (applying the two-year statute of limitations to a § 1983 action).

Even though state law determines the length of the limitations period, federal law governs when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" Id. (brackets in original) (citations and quotation marks omitted); see Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (a § 1983 action accrues when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured). Therefore, considering the tenor of plaintiff's allegations,

---

conduct that is more than mere negligence." Id. at 327 (citation and quotation marks omitted).

plaintiff knew of his injury related to his over-detention at the time of the complained of incarceration. It was at that time that plaintiff had a complete cause of action and could file an action. Thus, the April 11, 2013 filing date is well in excess of two years from October 15, 2010, when his over-detention ceased. As a consequence, the Court finds plaintiff's action is barred by the two-year statute of limitations and is due to be dismissed with prejudice as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense, such as the statute of limitations, would defeat a claim, the claim may be dismissed as frivolous); Simon v. Georgia, 282 F. App'x 739, 739-40 (11th Cir. 2008) (unpublished) (affirming a frivolous dismissal on statute of limitations grounds after Bock);[5] cf. Bock, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal for failure to state a claim).

**C. Defendant State of Alabama.**

Defendant State is due to be dismissed for an alternate reason. In a § 1983 action, the State of Alabama and its "arms" are not considered "persons." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). However, in order to state a claim under § 1983, a defendant must be a "person" who acted under color of state law to deprive the plaintiff of a federal right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Inasmuch as defendant State is not a "person" for § 1983 purposes, plaintiff's claim against defendant State of Alabama is frivolous as a matter of law.

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Furthermore, the Eleventh Amendment "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the state). The two exceptions to a state's sovereign immunity are if the state has waived its immunity or Congress has abrogated the state's immunity. Virginia Office for Prot. and Advocacy v. Stewart, 131 S.Ct. 1632, 1637-38 (2011); Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama, though, has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore Alabama was entitled to Eleventh Amendment immunity); Lancaster v. Monroe Cnty., Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity). Nor has Congress in §1983 abrogated a state's Eleventh Amendment immunity. See Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345(1979)); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. June 26, 1981); see also Sossamon v. Texas, 131 S.Ct. 1651, 1658 (2011) (holding the test for determining whether a state has waived its sovereign immunity is a stringent one that requires the relevant statute to unequivocally express the state's consent to be sued). For these alternate reasons, the claims against defendant State are due to be dismissed with prejudice as frivolous.

**C. Defendant Choctaw County Circuit Court.**

Choctaw County Circuit Court is also named as a defendant. (Doc. 10 at 5). However, "[t]he law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983." Harris v. Elmore Cnty. Dist. Attorney's Office, 2013 WL 1084294, at *1 (M.D. Ala. Jan. 13, 2013)(unpublished); see Foster v. Walsh, 864 F.2d 416, 418 (6th Cir. 1988) (holding the

13

court is not a "person" within the meaning of that term as used in § 1983); <u>Coopersmith v. Supreme Court, State of Colo.</u>, 465 F.2d 993, 994 (10th Cir. 1972) (same); <u>Moity v. Louisiana State Bar Ass'n</u>, 414 F. Supp. 180, 182 (D.C. La.) (same), <u>aff'd</u>, 537 F.2d 1141 (5th Cir. 1976). Thus, defendant Circuit Court is due to be dismissed with prejudice from this action for the additional reason that any § 1983 claims against it are frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's claims are frivolous.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 3rd day of September, 2013.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**